must be real and substantial, and such as materially enhances the risk, and which a person of ordinary prudence would not regard as mere idle talk or report." The facts of the present case do not support this objection, and it cannot prevent a recovery.

The specifications of defence set forth various stipulations found in this policy, with which, it is averred, the plaintiffs did not comply; these, however, are not required by, or in conformity with the statute of this state, which expressly declares, that "all provisions contained in any policy of insurance in conflict with any of the provisions hereof are null and void."

The remaining question is as to the damages, the house being insured for $3,000, and the barn for $400. They were almost entirely consumed, and no serious question is made as to the plaintiff's right to recover the amount thus insured upon the barn. It is claimed there was an overvaluation of the house, which was of brick with a wooden addition, built some ten or twelve years since, at a cost, it is said, of about $4,800 by the father of the plaintiffs; these were farm buildings in Newfield, the farm containing about 115 acres, 35 of which were cultivated. A large number of witnesses estimate the value of the entire property before the buildings were destroyed as $3,000, and the land as worth now from $900 to $1,200.

There is not found in this policy the usual stipulation that the insured, in case of loss, may recover the actual cash value of the buildings; nor is there any express stipulation as to how, or on what basis the loss shall be estimated; but it is provided, "that the cash value of the property destroyed shall in no case exceed the cost to the insured of replacing the same, and, in case of a depreciation from use or otherwise, a suitable deduction from the cash cost of replacing shall be made to ascertain the actual cash value."

Spencer Rogers, an experienced builder in this city, has visited the premises since the fire and ascertained the dimensions and character of the house, and he estimates the cost of replacing the same, using the old material, at $2,573.

The rule of damages as established by the supreme court of Massachusetts in Brinley v. National Ins. Co., 11 Metc. [Mass.] 195, is that the assured is to be indemnified for his actual loss; but, by the terms of the policy, a suitable deduction is to be made from the cost of replacing the building, if buildings destroyed had been diminished in value. In this case, the building being of brick, the diminution in value would be principally confined to the roof and painting and inside finish, all which must to some extent have been defaced or injured during the ten or twelve years since it was completed.

As Rogers never saw the building, I do not think his judgment is entitled to as much weight as it would have been if he had been conversant with them. Nor is the amount at which the estate could have been sold for before the fire, with the deduction of the present value of the land, the sole criterion as to an indemnity to the assured within the terms of the present policy.

Taking into consideration all the circumstances here presented, and that the repairs would have cost two hundred dollars to restore the buildings to their original condition, I find the value of the house at the time of the fire to have been $2,500; and for this sum and the $400 insurance on the barn with interest from Dec. 2, 1878, the plaintiffs are entitled to judgment.

---

THOMPSON (LOVREIN v.). See Case No. 8,557.

THOMPSON (MACOMBER v.). See Case No. 8,919.

THOMPSON (MAGNIAC v.). See Case No. 8,956.

---

## Case No. 13,967.

THOMPSON v. MANUFACTURING CO.

[Cited in Thompson v. American Bank Note Co., 35 Fed. 204. Nowhere reported; opinion not now accessible.]

---

THOMPSON (MELLUS v.). See Case No. 9,405.

---

## Case No. 13,968.

THOMPSON et al. v. MENDELSOHN.

[5 Fish. Pat. Cas. 187;[1] 28 Leg. Int. 388; 8 Phila. 166; 19 Pittsb. Leg. J. 83.]

Circuit Court, E. D. Pennsylvania. Nov. 28, 1871.

PATENTS—WHEN SUIT BROUGHT—EFFECTUAL RELIEF.

1. A suit in equity for the infringement of letters patent may be brought in the circuit court for any district in which the defendant may be found, although the infringement has been committed in another district, in which the defendant resides.

2. The process of the court is primarily directed against the person of the wrong-doer, and it is no sufficient reason against the court to award it, that it may not furnish to the plaintiff effectual relief, or that its operation may be evaded by the defendant.

Motion for provisional injunction.

Suit brought [by George Thompson and the Pennsylvania Salt Company against Samuel Mendelsohn] upon letters patent [No. 15,957] for "improvement in devices for putting up caustic alkalies," granted to George Thompson, and more particularly referred to in the reports of the cases of Pennsylvania Salt Co. v. Gugenheim [Case No. 10,954], and Pennsylvania Salt Co. v. Thomas [Id. 10,956]. Since the decision of the latter case, the pat-

---

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]